[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 06-11536
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 18, 2006
THOMAS K. KAHN
CLERK

BIA No. A78-584-970 & A78-584-971

CARLOS EDUARDO RIVERA,
JOHANNA PATRICIA BOHORQUEZ,
CAMILA ANDREA RIVERA,
JUAN DAVID RIVERA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(October 18, 2006)**

Before ANDERSON, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

Lead petitioner, Carlos Eduardo Rivera, and his wife, Johanna Patricia Bohorquez, and their two minor children, all natives and citizens of Colombia (collectively, "Petitioners"), petition for review of the final order of the Board of Immigration Appeals ("BIA"), which affirmed the immigration judge's ("IJ's") denial of asylum under the Immigration and Nationality Act ("INA").[1] Petitioners argue the BIA erred by affirming the IJ's denial of asylum, which was based on the IJ's finding that Rivera did not demonstrate past persecution or a well-founded fear of future persecution by the Revolutionary Armed Forces of Colombia ("FARC") based on his membership in the Liberal Party and related campaign activities.[2] After careful review, we deny the petition.

We review the BIA's decision "except to the extent the BIA expressly adopts the IJ's decision." Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 n.3 (11th Cir. 2005). To the extent the BIA adopts the IJ's decision, we also review the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Although here, the BIA did not expressly adopt the IJ's decision, the BIA

---

[1]Because Petitioners did not appeal the denial of withholding of removability under the INA or relief under the United Nations Convention Against Torture and Other Cruel, Inhumane or Degrading Treatment or Punishment ("CAT"), those claims are unexhausted and we lack jurisdiction to consider them and DISMISS the petition as to those claims. See Loynem v. U.S. Att'y Gen., 352 F.3d 1338, 1341 n.5 (11th Cir. 2003).

[2]Petitioners also challenge the IJ's adverse credibility finding as to Rivera's testimony, but since they did not assert this claim before the BIA (and, from its order, the BIA did not have occasion to consider it), we DISMISS the claim for lack of jurisdiction. See Loynem, 352 F.3d at 1341 n.5.

did agree with the IJ's reasoning and briefly articulated its reasons for doing so, and, thus, this Court reviews both decisions. Chacon-Botero, 427 F.3d at 956. To the extent that the IJ's and the BIA's decisions were based on a legal determination, our review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The IJ's factual determinations are reviewed under the substantial evidence test, meaning that we "must affirm the BIA's [and the IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1283-84 (quotation omitted). "To reverse the IJ's fact findings, [this Court] must find that the record not only supports reversal, but compels it." See Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (addressing withholding of removal under the INA).

An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is any person who is unwilling to return to his home country or to avail himself of that country's protection "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C. § 1101(a)(42)(A).

3

The asylum applicant carries the burden of proving statutory "refugee" status. See Al Najjar, 257 F.3d at 1284; 8 C.F.R. § 208.13(a). The applicant satisfies this burden by showing, with specific and credible evidence: (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that his or her statutorily listed factor will cause future persecution. Al Najjar, 257 F.3d at 1287; 8 C.F.R. § 208.13(a), (b). "To establish asylum based on past persecution , the applicant must prove (1) that [ ]he was persecuted, and (2) that the persecution was on account of a protected ground." Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006) (citations omitted). "To establish eligibility for asylum based on a well-founded fear of future persecution, the applicant must prove (1) a 'subjectively genuine and objectively reasonable' fear of persecution, that is (2) on account of a protected ground." Id. (citations omitted).

With respect to political opinion, "[t]he [immigration] statute protects against persecution not only by government forces but also by nongovernmental groups that the government cannot control." Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 437 (11th Cir. 2004) (citation omitted). Thus, an applicant seeking asylum on account of persecution by a guerilla group must establish that the guerillas persecuted him, or will persecute him, on account of the applicant's actual or imputed political opinion, not the guerilla group's political opinion. Id. at 437-38. Moreover, an asylum applicant may not show merely that he has a political

4

opinion, but must show that he was persecuted because of that opinion or other protected status. INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992).

"[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation[.]" Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (internal quotations and citation omitted). There must be "specific, detailed facts showing a good reason to fear that [the petitioner] will be singled out for persecution on account of [his political] opinion." Al Najjar, 257 F.3d at 1287. "[E]vidence that either is consistent with acts of private violence or the petitioner's failure to cooperate with guerillas, or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247 1257-58 (11th Cir. 2006).

Here, substantial evidence supports the BIA's decision, as well as the IJ's finding, that Rivera did not establish past persecution. First, the IJ made an adverse credibility determination as to Rivera's testimony based on internal inconsistencies, which the IJ specified and explained in his order. An adverse credibility determination alone can support the denial of asylum. See Forgue v. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005); D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 819 (11th Cir. 2004). Moreover, the only evidence of Rivera's alleged past persecution attributable, with any degree of specificity, to the FARC

5

consisted of some threatening phone calls and demands to pay a "war tax." The IJ found that these demands were not made on the basis of Rivera's political opinion, but rather because Rivera and his family were perceived by the FARC as affluent. The IJ concluded that while Rivera may have been the victim of economic extortion, he had not shown political persecution. The FARC never made good on any of its telephone threats, and neither Rivera nor any member of his family, including those that remained in Colombia, were arrested, detained, or physically harmed. In short, the record, viewed in the light most favorable to the BIA's decision and the IJ's conclusions, does not compel the conclusion that Rivera established persecution -- the first prong of his burden to establish "past persecution" -- and thus he was not entitled to asylum based on past persecution.

As Rivera did not establish past persecution, he was not entitled to a presumption of a well-founded fear of future persecution. Substantial evidence supports the IJ's conclusion that Rivera did not have a well-founded fear of future persecution. Rivera testified that the FARC threatened him from September 1997 through September 1999, and that, during that time, he did not stop his political activities or pay the war tax. During this time, despite his claimed fear of harm by the FARC, Rivera entered the United States in March and August 1999, but did not apply for asylum, instead returning to Colombia. This evidence, as well as the fact that during this time, Rivera did not stop the contested activity despite that he

claims he feared that he would be killed or tortured by the FARC, undercuts Rivera's claim of a well-founded fear of persecution. Cf. Hakeem v. INS, 273 F.3d 812, 816-817 (9th Cir. 2000) ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident, or when the applicant has returned to the country without incident." (citations omitted)).[3] Because Rivera did not present "specific, detailed facts showing a good reason to fear that he . . . will be singled out for persecution," Sepulveda, 401 F.3d at 1231 (quotation omitted), we are not compelled to conclude that he established a case for asylum based on a well-founded fear of future persecution by the FARC.

In sum, Petitioners have failed to establish that the record compels a finding that the FARC persecuted Rivera, or that he had a well-founded fear of future persecution by the FARC, because of his political opinion, rather than solely on account of his refusal to cooperate or on account of his family's perceived affluent status. Accordingly, we deny the petition for review.

**PETITION DISMISSED, IN PART; DENIED, IN PART.**

---

[3]To the extent Petitioners, in their initial brief, rely on documents that were not part of the administrative record, we will not review those items now. See 8 U.S.C. § 1252(b)(4)(A) (providing that, as part of the scope and standard of its review, "the court of appeals shall decide the petition only on the administrative record on which the order of removal is based").